[No. 11847.   Department One. — June 21, 1887.]

J. J. ALLISON, RESPONDENT, *v.* E. H. THOMAS ET AL., APPELLANTS.

JUSTICE'S COURT — MISNOMER OF DEFENDANT — VALIDITY OF PROCEEDINGS. — In an action in a Justice's Court, the designation of a defendant whose true name is John C. McDonald as John McDonell does not invalidate a judgment by default obtained against him, nor subsequent proceedings had thereon.

ID. — JURISDICTION — AMENDMENT OF RETURN OF SUMMONS — JUDGMENT BY DEFAULT — EXECUTION SALE. — Where a Justice's Court has in fact obtained jurisdiction of a defendant by a regular service of a copy of the complaint and summons upon him, but the return of the officer making the service fails to show that a copy of the complaint was served, the court has power, after a judgment by default has been rendered, under which an execution sale of the defendant's property has been had, to permit the return to be amended so as to accord with the facts; and this may be done as against a grantee of the judgment debtor under a quit-claim deed made after the execution sale.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The action was brought to quiet title to certain undivided interests in three mining claims, which were originally the property of one John C. McDonald. The defendants claim title to the property by virtue of an execution sale under a judgment by default obtained by them in an action in a Justice's Court against one John McDonell. In that action, a copy of the complaint, together with a copy of the summons, was regularly served on McDonell by the sheriff, but his return omitted to show that a copy of the complaint had been served. The execution as issued under the judgment ran against John McDonald. A certificate of purchase was given to the defendants, which was recorded by them prior to the 24th of August, 1885. On that day, John C. McDonald, by a quitclaim deed, conveyed to the plaintiff all his right, title, and interest to the premises in controversy. At the time of the conveyance, the plaintiff had no notice that McDonell had been served with a copy of the complaint in the action in the Justice's Court. Subsequently, the sheriff, by permission of the justice of the peace before whom the action against McDonell was brought, amended his return to the summons so as to show that at the time of the service of the summons he also served a copy of the complaint upon him. The true name of the defendant, designated in the action in the Justice's Court as John McDonell, was John C. McDonald, which fact was known to the plaintiff herein at the time of the commencement of that action. The further facts are stated in the opinion of the court.

*Harris & Allen*, for Appellants.

*Curtis & Otis*, for Respondent.

TEMPLE, J.—The omission of the initial letter of the middle name of McDonald, in the proceedings in the Justice's Court, is a matter of no consequence, and does not in any way affect the validity of those proceedings

The rule undoubtedly is, that the record in the Justice's Court must show affirmatively jurisdiction of the person, or the judgment will not be valid. Here there was in fact jurisdiction, but the return of the constable failed to show due service. After the judgment was entered, this record was amended, and as amended did show jurisdiction. In the mean time, however, the land attached had been sold. The judgment debtor had also conveyed to plaintiff all his right, title, and interest in the land. As against the judgment debtor there was no impropriety in allowing an amendment to the record according to the fact. The officer may always amend his return if there are no intervening rights which would be affected. And we think it plain there was no error in allowing it as to the purchaser. He purchased the right, title, and interest of the judgment debtor, and took subject to all equities and secret defects.

We do not overlook the case of *Graff* v. *Middleton*, 43 Cal. 340, in which it was held that under the twenty-sixth section of the recording act, then in force, a quitclaim deed received in good faith and for a valuable consideration would prevail over a prior unrecorded deed. That decision is made to turn upon the language of that statute defining the word "conveyance." This ruling was followed in *Frey* v. *Clifford*, 44 Cal. 343, where the description of the estate conveyed was "all my right, title, and interest" of the grantor.

Unless these cases are justified by the peculiar wording of the statute, they seem to be against the decisions elsewhere upon the subject. It has been uniformly held that a conveyance of the right, title, and interest of the grantor vests in the purchaser only what the grantor himself could claim, and the covenants in such deed, if there were any, were limited to the estate described. (*Coe* v. *Persons Unknown*, 43 Me. 432; *Blanchard* v. *Brooks*, 12 Pick. 47; *Brown* v. *Jackson*, 3 Wheat. 449; *Adams* v. *Cuddy*, 13 Pick. 460; S. C., 25 Am. Dec. 330; *Allen* v.

*Holton*, 20 Pick. 458; *Sweet* v. *Brown*, 12 Met. 175; S. C., 45 Am. Dec. 243; *Pike* v. *Galvin*, 29 Me. 183.)

This construction is in accord with the obvious meaning of the language. The grantee in such a deed necessarily takes only what the grantor then had, and subject to all defects and equities which could then have been asserted against the grantor. To this rule this court has made an exception founded upon the recording act, and still another has been recognized in reference to sales made by the sheriff under execution. There the statute provides that the purchaser acquires all the right, title, and interest of the judgment debtor. It has been held that such deed is good as against a prior unrecorded deed. (*Roberts* v. *Bourne*, 23 Me. 165; S. C., 39 Am. Dec. 614.)

These are both exceptions to the general rule, founded upon special statutory provisions, and rather tend to confirm the rule than to overthrow it.

Judgment reversed and cause remanded.

McKINSTRY, J., and PATERSON, J., concurred.