[Civ. No. 2068.   First Appellate District.—September 4, 1917.]

SOUTHERN PACIFIC COMPANY (a Corporation), Appellant, v. ELLEN DORE et al., Respondents.

DEED—"GRANT" OF INTEREST IN PROPERTY—COVENANT AGAINST ENCUMBRANCES NOT IMPLIED.—A deed granting all of the right, title and interest of the grantors in and to the property described in the conveyance does not pass the fee, and no covenant that the property was free from encumbrances can be implied from the use of the word "grant" under section 1113 of the Civil Code, since it is only where an estate of inheritance or a fee simple is to pass that such a covenant can be implied, under the code provision.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward P. Shortall, Judge.

The facts are stated in the opinion of the court.

Frank McGowan, and H. C. Booth, for Appellant.

Dorsey & Henderson, for Respondents.

KERRIGAN, J.—The appeal in this case is from an order sustaining the demurrer of the defendants without leave to amend.

The question in the case is whether or not there is to be found in the conveyance set out in the complaint an implied covenant against encumbrances.

The complaint alleges that the deed signed and acknowledged by the defendants on the ninth day of July, 1907, was not delivered until June 2, 1910; that for the years 1908, 1909, and 1910 the lands described in the deed were assessed for taxes in a sum which, with interest and accrued penalties, aggregated $8,804.01, when they were paid by plaintiff on June 21, 1913. For this sum plaintiff demands judgment together with the statutory rate of interest from said last-mentioned date.

The granting clause in the deed reads: "That the said parties of the first part . . . do by these presents grant, bargain and sell unto the said party of the second part, and to its successors and assigns forever, all of their right, title and interest in and to the following tracts" (describing certain parcels of land).

The plaintiff relies for a recovery in this action upon the provisions of section 1113 of the Civil Code, which section, so far as material here, is as follows:

"From the use of the word 'grant' in any conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants, and none other, on the part of the grantor for himself and his heirs to the grantee, his heirs, and assigns, are implied, unless restrained by express terms contained in such conveyance: . . .

"2. That such estate is at the time of the execution of such conveyance free from encumbrances done, made, or suffered by the grantor, or any person claiming under him. . . . "

Plaintiff's position on this appeal is that since the conveyance of July 9, 1907, contains therein the word "grant," it implies in law a covenant that the land affected was free from encumbrances as provided in the section of the code just quoted—a covenant broken by the defendants in suffering the taxes assessed against the land to remain unpaid. The defendants' position, on the other hand, is that the deed in suit is not within the purview of this section, for the reason that it does not purport to pass a fee; that, on the contrary, the use of the words "all of their right, title and interest in and to" the land described had the effect, as a matter of law, to restrain or negative the implication of the statute.

We are constrained to accept the defendants' contention. According to the plain language of the statute it is only when a conveyance of an estate of inheritance or a fee simple is to pass that from the word "grant" a covenant is implied that the land to be conveyed is free from encumbrances; and when the conveyance by its terms merely purports—as does the conveyance here—to pass all the right, title, and interest of the grantors, according to the authorities nothing more passes than the estate which such grantors had in the land at that time subject to all defects and equities which could have been asserted against the grantors.

In *Hull's Admr.* v. *Hull's Heirs*, 35 W. Va. 155, 164, [49 Am. St. Rep. 800, 13 S. E. 49], the court, at page 52, says: "Where a deed conveys the grantor's right, title, and interest, though it contains in general terms a covenant of general warranty, the covenant is regarded as a restricted one, limited to the estate conveyed, and not one defending generally the land described. The covenant of warranty is intended to defend only what is conveyed, and cannot enlarge the estate conveyed." (Citing numerous cases.)

In *Gee* v. *Moore*, 14 Cal. 472, the court said (page 474): "The deed does not purport to convey the premises in fee simple absolute, so as to bring the instrument within the provisions of the thirty-third section of our statute (section 1113) concerning conveyances. It only purports to pass all the right, title, and estate which the grantor possessed in the land."

In *Kimball* v. *Semple*, 25 Cal. 440, the conveyance was of the grantor's right, title, and interest. At page 452 the court said: "The deed to Whitcomb was simply a conveyance of whatever interest Larkin then held in the land mentioned in the deed, but it did not purport to convey the land nor any certain interest therein."

In *Allison* v. *Thomas*, 72 Cal. 562, [1 Am. St. Rep. 89, 14 Pac. 309], the court says: "It has been uniformly held that a conveyance of the right, title, and interest of the grantor vests in the purchaser only what the grantor himself could claim, and the covenants in such deed, if there were any, were limited to the estate described. (*Coe* v. *Persons Unknown*, 43 Me. 432; *Blanchard* v. *Brooks*, 12 Pick. (Mass.) 47; *Brown* v. *Jackson*, 3 Wheat. (U. S.) 449, [4 L. Ed. 432]; *Adams* v. *Cuddy*, 13 Pick. (Mass.) 460, [25 Am. Dec. 330];

*Allen* v. *Holton,* 20 Pick. (Mass.) 458; *Sweet* v. *Brown,* 12 Met. (Mass.) 175, [45 Am. Dec. 243]; *Pike* v. *Galvin,* 29 Me. 183.) This construction is in accord with the obvious meaning of the language. The grantee in such a deed necessarily takes only what the grantor then had, and subject to all defects and equities which could then have been asserted against the grantor.''

It follows that the judgment should be affirmed, and it is so ordered.

Richards, J., and Beasly J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 3, 1917.