[Civ. No. 6068. First Appellate District, Division Two.—February 9, 1928.]

ELBERT J. BROWN, Respondent, v. WM. KLEIN et al., Appellants.

Arthur H. Barendt for Appellants.

Byron Coleman for Respondent.

LUCAS, J., *pro tem.*—Appeal is taken from a judgment in favor of plaintiff decreeing rescission of a contract of copartnership and requiring defendants to refund to plaintiff the money paid by him on account thereof.

The complaint alleges that plaintiff and defendants entered into a contract whereby plaintiff agreed to buy and the defendants agreed to sell an undivided one-third interest in and to a certain copartnership known as the Universal Specialty Company, subject to existing liabilities as of October 27, 1923. Plaintiff agreed to pay, and did pay, defendants the sum of $3,000 for such interest. It is also alleged that at the time plaintiff entered into said agreement, and for the purpose and with the intent of persuading and inducing plaintiff to purchase said undivided one-third interest, defendants represented that the liabilities of said copartnership on October 27, 1923, did not exceed the sum of $1,952.57; that plaintiff believed said representation, relied thereon and would not have entered into the agreement to purchase had he not believed said representation to be true; that said representation was false and fraudulent, and known to defendants to be false and fraudulent, and that as a matter of fact the liabilities of said copartnership as of the date in question were not less than $4,890.55.

Defendants in their answer admit the payment of the $3,000, and admit that they represented to plaintiff that the liabilities of the copartnership did not exceed $1,952.57, but allege that at the time they made the statement they believed it was true; that said representation was the result of an error in addition and that the corrected addition of the whole liabilities should have shown an indebtedness of $2,952.57 or thereabout. They specifically deny that there was any intentional misrepresentation or fraudulent misstatement of facts.

They set up as a further and special defense that all books and accounts were freely placed at the disposal of plaintiff, and that every opportunity was afforded him to make a full and thorough investigation of the partnership

business, and that after a full and thorough investigation plaintiff freely entered into said copartnership. The new matter in the answer was, of course, deemed denied (Code Civ. Proc., sec. 462), and the case went to trial on the issues framed by the pleadings.

The court found the amount of the indebtedness in question to be $3,300; that the misrepresentation complained of was the result of error instead of fraud, and that plaintiff neither investigated the business nor had an opportunity so to do. On the remaining issues the court found with plaintiff.

It is the contention of appellants that plaintiff was an experienced business man, was not free from negligence, and that having the means of knowledge the law imputes knowledge to him.

In view of the findings that the plaintiff did not make an independent investigation and did not have the opportunity of doing so, we attach but little or no significance to this part of the argument. While the testimony was conflicting, the finding of the court was amply sustained by the evidence.

Appellants advance another theory, namely, that the adventure was a speculative one and that for that reason the purchaser cannot be heard to complain. There is nothing in the point. The character of a business, if lawful, in nowise softens the effect of misrepresentation.

No question is raised as to materiality of the false representation, diligent offer to return, or material change in the situation of the parties.

The sole question is whether or not in a suit for rescission of a contract on the grounds of wilful misrepresentation and fraud, the court, having found no wilful misrepresentation or fraud to exist, can decree rescission on the ground of mistake, where the defendants themselves plead such mistake. In this respect appellants allege a material variance between pleading and proof.

The general rule is that no variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. (Code Civ. Proc., sec. 469.)

Where the variance is not material the court may direct the fact to be found according to the evidence. (Code Civ. Proc., sec. 470.)

A party to a contract may rescind if his consent was either given through mistake or obtained by fraud. (Civ. Code, sec. 1689, subd. 1; *Canadian Agency* v. *Assets etc. Co.*, 165 App. Div. 96 [150 N. Y. Supp. 758]; Story's Commentaries on Equity Jurisprudence, 13th ed., p. 213.)

A late expression of this court on the subject is to be found in *Scott* v. *Delta Land & Water Co.*, 57 Cal. App. 320 [207 Pac. 389], where it is held that in a civil action the good faith of the party who procures the assent of another to the making of a contract by material misrepresentations is of no moment.

In 12 Ruling Case Law, at page 343, paragraph 98, referred to in the above decision, the principle is advanced that innocent misrepresentations of a material fact are considered as constructive fraud because of its effect of imposing upon and deceiving the person to whom it is made.

It is therefore clear that defendants' plea of innocent mistake rather than being available as a defense in a suit for rescission is itself a generally recognized ground for rescission.

Can they then be heard to complain in equity on the purely technical plea of variance, because the trial court, after finding with them on the facts, applied well-established rules of law thereto which resulted in their discomfiture? We think not. There is no variance. The facts proved were not foreign to the issues, but were raised by them. The relief granted was the relief prayed for.

The language used by the court in the case of *Schenck* v. *Hartford Fire Ins. Co.*, 71 Cal., at page 29 [11 Pac. 808], is particularly applicable: "By the choice of the defendant, the fact, which was essential to the plaintiff's recovery, which had been omitted to be pleaded in his complaint, was so pleaded in the defendant's answer with a view to defeat the plaintiff's recovery, that a jury was enabled, upon evidence before it, to pass upon the issue raised and tendered by the defendant. If the defendant has been beaten upon its own chosen ground of battle, which but for its pleading could not have been there fought, we cannot see any good reason to reverse the judgment here in order that

the plaintiff may plead in his complaint and tender as an issue to the defendant, to be retried, that which, of its own choice, the defendant, in its answer, has already tendered to the plaintiff, upon which the controversy has been tried before a jury, and by it determined, as we must suppose, properly."

In *Lombardi* v. *Sinanides*, 71 Cal. App. 272 [235 Pac. 455], the court held that the complaint, *supplemented by the answer*, stated facts sufficient to constitute a cause of action on the ground of mutual mistake although the complaint sought rescission on the ground of wilful misrepresentation.

Judgment affirmed.

Koford, P. J., and Nourse, J., concurred.