## RHOADS v. LEONARD.

### Civ. A. No. 5229.

United States District Court
W. D. Oklahoma.
June 25, 1953.

412

Gomer Smith, Jr., Oklahoma City, Okl., for plaintiff.

David S. Shumake, Oklahoma City, Okl., for defendant.

WALLACE, District Judge.

The plaintiff, Rachael Rhoads, brings this action against the defendant, Raymond Leonard, to rescind a contract entered into between the adverse parties herein in regard to the sale by defendant to plaintiff of a tractor and refrigeration trailer.

From the evidence introduced at the time of the trial before the Court, without a jury, the Court finds:

1. That the Court has jurisdiction over this cause inasmuch as the plaintiff, Rachael Rhoads, is a citizen and resident of California, and the defendant, Raymond Leonard, is a citizen and resident of Oklahoma; and $3,500 is the amount in controversy.

2. That the plaintiff and defendant entered into an agreement, a contract of sale, March 29, 1950.[1]

3. That the defendant wilfully and fraudulently misrepresented certain material facts and guarantees contained in the said contract of sale. These misrepresentations included:

(a) A material misrepresentation by defendant regarding the true amount owed the mortgagee on the equipment which was the object of said contract of sale.

(b) A material misrepresentation that the defendant was "to be" an agent for the Zero Refrigeration Company and hence be in a position to secure for plaintiff at least five trips per month in connection with the subject equipment.

4. That the trucking equipment sold to plaintiff was impounded for taxes owed by defendant at the time of the sale in question and said tax liability was incurred by the defendant prior to the transaction in question.

5. That at the time the plaintiff learned of the material misrepresentations made by defendant, plaintiff in rescinding was unable to return the equipment in question for the reason that said equipment was impounded by the State of California for delinquent taxes incurred and owed by the defendant.

6. That plaintiff did not fulfill all her obligations under the contract but that the defendant's misrepresentations and the defendant's failure to properly execute the duties and obligations placed upon the defendant by the contract made it impossible for plaintiff to execute her unfulfilled contractual obligations. Included among the promises not kept by plaintiff because of the defendant's unlawful conduct are:

(a) Plaintiff's failure to pay the defendant the agreed sum of $150 at the completion of each round trip.

(b) Plaintiff's failure to make the payment due April 7, 1950, to Fruehauf Trailer Company, and to make the payment due April 20, 1950, to the White Motor Company and the Universal C. I. T.

Inasmuch as the said contract was entered into within the State of California and was to be executed primarily within the State of California the California statutes and decisions are controlling as to plaintiff's right to rescind.[2]

1. See plaintiff's Exh. "A".

2. Home Bldg. & Loan Ass'n v. Blaisdell, 1933, 290 U.S. 398, 54 S.Ct. 231, 78 L.Ed. 413; Brown v. Ferdon, 1936, 5 Cal.2d 226, 54 P.2d 712; Baker v. Tulsa Building & Loan Ass'n, 1936, 179 Okl. 432, 66 P.2d 45. See 17 C.J.S., Contracts, § 330, pages 782, 783.

Section 1689 of the Civil Code of California provides in part:[3]

"A party to a contract may rescind the same in the following cases only:

"1. If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party;

"2. If, through the fault of the party as to whom he rescinds, the consideration for his obligation fails, in whole or in part * * *."

■ Clearly, the defendant was guilty of misrepresenting several material facts in connection with the contract in question so as to entitle the plaintiff to rescind the contract in controversy.

■ In the written agreement between the parties the unpaid balance due upon the tractor in question was represented by the defendant to be $10,129 when in reality the unpaid balance was $11,362.92. Although the evidence indicates that the defendant subsequent to the consummation of the sale in view mailed in a check for one monthly payment, the evidence further indicates that said check was returned marked "insufficient funds." Whereas, at the time the contract was entered into the plaintiff may have been aware that a slight variance existed between the amount designated in the contract to be owed and the actual amount owed on the tractor in question, certainly the large difference between the stated and actual debt amounted to a material misrepresentation by the defendant.[4]

The defendant, also, failed to pay the taxes due the State of California for previous operation of the equipment in question. Obviously, when the State of California impounded the equipment because of the delinquent taxes and when the only full payment check sent the mortgagee was returned marked "insufficient funds" the mortgagee immediately foreclosed in order to protect its own interest.

■ Although the plaintiff, because of her inexperience, may not have handled the tax matter with the State of California as directly and expeditiously as a person with more experience might have, the plaintiff breached no legal obligation owed the defendant and the defendant cannot successfully assert the plaintiff's conduct as a defense. The defendant was an experienced trucker and well knew that he and he alone was responsible for the unpaid taxes which accrued prior to the time of the sale of the equipment to the plaintiff.

In addition to the previously mentioned misrepresentations, the defendant was guilty of failing to live up to his promise to furnish the plaintiff "not less than five (5) round trips per month" as agent of the Zero Refrigeration Company. Not only was the defendant guilty of a breach of a specific contractual term but the Court is of the opinion that the defendant was not in good faith when he represented that he was "to be" an authorized agent of the Zero Refrigeration Company and thus would be in a position to live up to the written promise. At the time of trial the defendant attempted to place full responsibility for failure to secure the necessary trips upon the plaintiff, claiming that plaintiff did not take the routine steps necessary to do so. Although, concededly the defendant could have arranged through

3. Section 3406 of the Calif. Civ. Code provides: "The rescission of a written contract may be adjudged, on the application of a party aggrieved: 1. In any of the cases mentioned in section sixteen hundred and eighty-nine * * *." See Brown v. Klein, 1928, 89 Cal.App. 153, 264 P. 496; Thomas v. Hacker, 1919, 179 Cal. 731, 178 P. 855.

4. As mentioned in Davis v. Butler, 1908,

154 Cal. 623, 98 P. 1047, 1048: "* * * A single material misstatement, knowingly made, with intent to influence another into entering into a contract, will, if believed and relied on by that other, afford as complete ground for rescission as if it had been accompanied by a multitude of other false representations. * * *"

agents to see to it in defendant's absence from the State of California that the plaintiff received "not less than five (5) round trips per month" the defendant's conduct demonstrates a complete lack of good faith; it was incumbent upon the defendant to arrange in a crystal-clear manner the details for proper execution of this legal duty owed the plaintiff, particularly where the fulfillment of this obligation was so very material in connection with the success of the plaintiff's undertaking; the defendant's conduct taken as a whole smacks with fraud and implies an utter disregard for representations made to the plaintiff at the time of entering into the contract.

██ This Court recognizes that generally in order to rescind a contract the parties must be returned to their original positions and that the one seeking such rescission must not only rescind promptly upon discovering that a fraud was perpetrated but must return or tender the consideration received.[5]

Obviously, in the instant case, a return of the consideration by the plaintiff is impossible. The mortgagees have foreclosed their mortgages on the equipment in question. However, the Court believes the facts in the case at bar justify an application of an exception to the general rule of law regarding rescissions.

The plaintiff acted as promptly as the case would permit upon discovering the extent of the defendant's misrepresentations and made every effort to make her position clear to the defendant and to enable the defendant to act swiftly and avoid loss. The plaintiff should not now lose the money given by her in good faith to the defendant for his supposed equity in the equipment for the sole reason that the equipment cannot be returned to the defendant *inasmuch as the conduct of the defendant was directly responsible for plaintiff's inability to return the subject matter of the rescinded contract.*

In 12 Am.Jur. § 453, p. 1035, the exception to the general rule is phrased:

"* * * Moreover, the return of the consideration is unnecessary where such return is rendered impossible by the party whose conduct affords ground for rescission. * * *"

California implied a recognition of this exception to the general rule in Locke-Paddon v. Locke-Paddon, when the court in syllabus No. 6 said:[6]

"Rescission of a contract on ground of fraud will not always be denied merely because parties cannot be placed in statu quo."

In Harvey v. Thomas the Oklahoma court accurately stated this logical principle when in the first syllabus the Court said:[7]

"In order to rescind a contract for fraud, the party defrauded must as a general rule restore, or offer to restore, the consideration which he has received under the contract, *but if the defrauded person, by reason of the wrongful conduct of the wrongdoer, is rendered incapable of fully restoring the latter to his former position, such restoration to that extent is not necessary to a rescission."* (Emphasis supplied.)

In the instant case the defendant's conduct unmistakably brought about the condition whereby the plaintiff is unable to return the consideration of the contract in question.

Patently, rescission appears harsh in the case at bar inasmuch as the defendant cannot possibly be returned to the position occupied by him prior to the agreement in question. Although the Court frowns upon a situation where the rescission of a contract leaves one party, the defendant in this case, in a position of great loss, such a disposition is proper under the presented facts.[8] Certainly, the plaintiff should not

---

5. Cameron v. Evans Securities Corporation, 1932, 119 Cal.App. 164, 6 P.2d 272; Neet v. Holmes, 1945, 25 Cal.2d 447, 154 P.2d 854; Clanton v. Clanton, 1942, 52 Cal.App.2d 550, 126 P.2d 639.

6. 1924, 194 Cal. 73, 227 P. 715.

7. 1931, 150 Okl. 106, 300 P. 772.

8. As noted in 9 Am.Jur. § 5, p. 353: "The rule is well established that a person coming into a court of equity for the purpose of obtaining cancelation of an instrument cannot demand cancelation

suffer for a loss brought on directly by the defendant's fraudulent misrepresentations and actions.

Even though the plaintiff advanced $3,500 as down payment under the contract in question, this Court will only permit judgment in favor of plaintiff against the defendant for $3,100, for the reason that the evidence clearly indicates that the $400 advanced the plaintiff by the defendant for the first trip at the time the contract was entered into has never been repaid.[9]

Counsel should submit an appropriate journal entry within ten days.

as a matter of right; *relief by way of cancelation is a matter within the sound discretion of the court and is granted or withheld by it according to what is reasonable and proper under the circumstances of each particular case.* * * *" (Emphasis supplied.)

9. As provided in section 3408 of the Calif. Civ.Code: "Court may require party rescinding to do equity. On adjudging the rescission of a contract, the court may require the party to whom such relief is granted to make any compensation to the other which justice may require."