[Civ. No. 10702.   Third Dist.   Feb. 5, 1964.]

CROCKER-ANGLO NATIONAL BANK, as Executor, etc., et al., Plaintiffs and Appellants, v. CARL KUCHMAN et al., Defendants and Respondents.

Lambert & Lemmon and James W. Winchell for Plaintiffs and Appellants.

McDonough & Wahrhaftig and Milton L. Schwartz for Defendants and Respondents.

SCHOTTKY, J.—Appellants brought this action against respondents to rescind the sale of all the capital stock in a certain corporation. The case came to trial before a jury. When after a dismissal of one of the counts of the complaint appellants refused to introduce evidence to support the remaining allegations of the complaint, judgment of nonsuit was entered for respondents. The judgment was appealed to this court, but the appeal was dismissed because a cross-complaint then pending prevented the judgment from being final. (*Crocker-Anglo National Bank* v. *Kuchman,* 194 Cal. App.2d 589 [15 Cal.Rptr. 230].) Since that opinion appellants have paid respondents $5,000 in full satisfaction of the cross-complaint and respondents have filed a written dismissal with prejudice with the clerk of the superior court. The cross-complaint has now been removed from the case (Code Civ. Proc., § 581, subd. 2, and § 581d), and the judgment is now final and appealable. The material facts of the case were set forth in the first appeal. But for purposes of clarity we will restate and expand the facts.

This action grew out of the sale by respondents of all their stock in Comet Target Company to appellants (the Fords are now deceased and Crocker-Anglo National Bank, as executor, has been substituted in their place). Appellants believed that the stock was worth less than the amount they had paid for it and brought an action for rescission. The complaint contained three counts. In the first count, based on actual fraud, the complaint alleged that plaintiffs purchased all the capital stock of Comet Target Company from defendants; that plaintiffs were induced to make such purchase by fraudulent misrepresentations concerning the value of the stock as reflected by the assets of the corporation, its business, its prospects, and its goodwill; that plaintiffs paid $30,000 for the stock; that on discovering the fraud they rescinded the contract, tendered the return of the stock, and demanded that the defendants restore to them the money paid; that the plaintiffs received nothing except the stock; that the stock was without value; and that in perpetrating the alleged fraud the defendants acted with knowledge of the falsity of the representation and acted maliciously. Count two was based on constructive fraud and merely incorporated the allegations of count one, except the paragraphs alleging knowledge, intent to deceive and maliciousness. Count three was a common count alleging that defendants received from plaintiffs the sum of $30,000 for the use and benefit of plaintiffs; that demand was made for the return of said sum, which was refused; and that the

entire sum remained unpaid. The prayer of the complaint asked: "1. That the agreement of purchase and sale of stock ... be declared rescinded; 2. That defendants restore to plaintiffs the sum of $30,000.00 ..., together with interest. ..; 3. That plaintiffs be awarded punitive damages; 4. For costs of suit; and 5. For such other and further relief as to the Court may seem just and equitable."

Defendants answered by denying the particular allegations of fraudulent acts and denying any money was owing under the common count. Their answer contained a cross-complaint for part of the purchase price.

Pretrial conference statements were made by both parties. The statements asserted that the first count was based on actual fraud, the second on constructive fraud, and the third was a common count. The statements were adopted by the court as the pretrial order.

The action came to trial before the court sitting with a jury. Plaintiffs' counsel made an opening statement to the jury concerning the nature of the first cause of action and what plaintiffs expected to prove. At this point the court recessed for the day. The following day counsel for plaintiffs moved the court that he be given the opportunity of reopening his introductory statement to the jury for the purpose of explaining the theory of the second cause of action and also that of the third cause of action. Under count two plaintiffs wanted to explain that innocent misrepresentation or mutual mistake were grounds for constructive fraud. The court stated that count two had always been interpreted as constructive fraud and it was too late to amend to allege innocent misrepresentation or mutual mistake as grounds for rescission. Plaintiffs argued that innocent misrepresentation and mutual mistake were constructive fraud and they should be allowed to reopen. The court read section 1573 of the Civil Code and ruled that innocent misrepresentation or mutual mistake did not amount to constructive fraud. Plaintiffs' motion was thereupon denied. Defendants Kuchman and Shenker then moved the court for an order dismissing the second cause of action of plaintiffs' complaint on the ground that it did not state a cause of action. The motion was granted and the court entered its order striking and dismissing the second cause of action, whereupon plaintiffs moved the court for an order granting them leave to amend the second cause of action to allege mutual mistake and innocent misrepresentation. This motion was denied. The record shows that at this point

the following occurred: "THE COURT: . . . Is there anything else that you gentlemen want to present to the Court before we bring in the jury? . . . MR. LEMMON: I will not proceed with the case, your Honor. THE COURT: Well, you want to make some formal motion now or some request or what? MR. LEMMON: Well, so far as I am concerned, the plaintiffs will rest their case at this point. . . . THE COURT: . . . Well, then, Mr. Lemmon, do I understand definitely now that the plaintiffs have rested? MR. LEMMON: Yes, your Honor." Defendants then moved for a nonsuit which was granted.

Appellants contend that innocent misrepresentation is a form of constructive fraud as alleged in count two of the complaint; and, therefore, under count two they were entitled to prove innocent misrepresentation as a ground for rescission and the court should have allowed them to reopen their opening statement to the jury to explain this theory.

Section 1573 of the Civil Code states that constructive fraud consists:

"1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or,

"2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud."

Appellants argue that innocent misrepresentation is constructive fraud under subdivision 1. This contention cannot be sustained.

By the clear language of section 1573 there must be a "breach of duty" to give rise to constructive fraud. This duty must be one created by a confidential relationship, for section 1573 of the Civil Code states "the rule applicable in confidential relations. It has never been applied to fix liability for the breach of a statutory duty except that of a fiduciary. . . ." (*Mary Pickford Co.* v. *Bayly Bros., Inc.*, 12 Cal.2d 501, 525 [86 P.2d 102].) "[I]t is essential to the operation of this principle that there be a fiduciary relation. It is one of the facts constituting the fraud." (*Feeney* v. *Howard*, 79 Cal. 525, 529 [21 P. 984, 12 Am.St.Rep. 162, 4 L.R.A. 826].) Several early cases involving the sale of real property have allowed rescission for innocent misrepresentation, apparently on a constructive fraud theory. (*Lombardi* v. *Sinanides*, 71 Cal.App. 272, 279 [235 P. 455]; *Del Grande*

v. *Castelhun*, 56 Cal.App. 366 [205 P.18] ; *de Bairos* v. *Barlin*, 46 Cal.App. 665, 670 [190 P.188].) However, those cases were predicated on the rule of law that a vendor of real property has a duty to inform himself as to the boundaries of his property, that he is presumed to know the boundaries, and that a purchaser can rely on the vendor's representations. (*Watt* v. *Patterson*, 125 Cal.App.2d 788, 792-793 [271 P.2d 200] ; *Lombardi* v. *Sinanides, supra.*) Those cases at most state an exception which is not applicable here.

Since innocent misrepresentation is not constructive fraud, it necessarily follows that the court properly refused appellants' motion to reopen their statement to the jury.

Appellants' second contention is that even though innocent misrepresentation is not constructive fraud the facts pleaded in count two are sufficient to state a cause of action for rescission for innocent misrepresentation, and the court should have allowed appellants to amend their complaint to allege an innocent misrepresentation theory. We need not decide this question because appellants' final contention (that under the common count they were entitled to prove innocent misrepresentation) must be sustained. Although the common count was not dismissed as was count two, the court effectively prevented appellants from introducing any evidence on innocent misrepresentation. When appellants proposed to amend count two to allege innocent misrepresentation, the court stated : "... I would say very likely that if we were going to permit you to go into mutual mistake and innocent misrepresentation, that we would probably allow an amendment." It is clear that any attempt by appellants to introduce evidence on innocent misrepresentation under the common count would have been futile.

The court committed reversible error in · not allowing appellants to introduce their evidence because innocent misrepresentation is a ground permitting rescission of contracts. The exclusive grounds for rescission of contracts are set forth in section 1689 of the Civil Code, which read at the time with which we are concerned as follows :

"(b) A party to a contract may rescind the same in the following cases only :

"(1) If the consent of the party rescinding . . . was given by mistake, or obtained through duress, menace, fraud, or undue influence. ..."

Innocent misrepresentation is not specifically enumerated as a ground for rescission; but it is a type of "mistake"

which is enumerated in subdivision (b)(1) of section 1689 of the Civil Code, and hence supports rescission.

A "mistake" within the maning of subdivision (b)(1) of section 1689 of the Civil Code can be either one of fact (Civ. Code, § 1576; *M. F. Kemper Const. Co.* v. *City of Los Angeles,* 37 Cal.2d 696, 701 [235 P.2d 7]) or of law (Civ. Code, § 1576; 12 Hastings L.J. 463). "Generally a mistake of fact occurs when a person understands the facts to be other than they are...." (*Reid* v. *Landon,* 166 Cal.App.2d 476, 483 [333 P.2d 432]; *Berry* v. *Berry,* 140 Cal.App.2d 50, 59 [294 P.2d 757].) When both parties understand the facts other than they are, the mistake necessarily is mutual and thus becomes a basis for rescission. (1 Witkin, Summary of Cal. Law, Contracts, § 127, p. 135; Rest., Contracts, § 502.)

It was alleged that such a mistake was made here. The value of the corporate stock as reflected by the assets of the corporation, its business, its prospects, and its goodwill was certainly a material fact. According to their pleading respondents believed the stock to be worth $30,000, when according to the complaint, it was without substantial value. Because of respondents' representations appellants were mistaken as to the stock's value. Therefore, appellants' consent to the contract of purchase "was given by mistake," and they have a cause of action for rescission under subdivision (b)(1) of section 1689 of the Civil Code.

While no case has explicitly stated that innocent misrepresentation is a ground for rescission in California, the result reached here is supported by and consistent with the result reached in several.other cases involving innocent misrepresentation. In *Brown* v. *Klein,* 89 Cal.App. 153 [264 P. 496], the seller of an interest in a copartnership innocently misrepresented the amount of the copartnership's liabilities to the buyer. The court found that "the misrepresentation complained of was the result of error instead of fraud" (p. 155), and held "that defendants' plea of innocent mistake rather than being available as a defense in a suit for rescission is itself a generally recognized ground for rescission." (P. 156.) And in *Scott* v. *Delta Land etc. Co.,* 57 Cal.App. 320, the court said at page 328 [207 P. 389]: "... In a civil action the good faith of the party who procures the assent of another to the making of a contract by material misrepresentations is of no moment."

The holding here is further supported by legal writers who have uniformly stated that innocent misrepresentation is

generally considered a ground for rescission in California. (2 Witkin, Cal. Procedure, Pleading, § 404, p. 1382; 1 Witkin, Summary of Cal. Law, Contracts, § 136, p. 146; Rest., Contracts, § 476 (2 Cal.Annot.) ; 12 Hastings L. Rev. 460-461.) The rule enunciated here follows the majority rule allowing rescission for innocent misrepresentation. (Rest., Contracts, § 476; 5 Williston on Contracts (rev. ed.) § 1500, p. 4189.) ■ This is a rule founded in justice; for ". . . it would be unjust to allow one who has made false representations, even innocently, to retain the fruits of a bargain induced by such representations.'' (Williston on Contracts, *supra*.)

■ Respondents vigorously assert that even though innocent misrepresentation is a ground for rescission the appellants were not entitled to rely on an innocent misrepresentation theory under the common count because they pleaded specific facts in count one and count two. Respondents rely on the rule "that, if plaintiff is not entitled to recover under one count in a complaint wherein all the facts upon which his demand is based are specifically pleaded, it is proper to sustain a demurrer to a common count set forth in the complaint, the recovery under which is obviously based on the same set of facts specifically pleaded in the other count.'' (*Hays* v. *Temple*, 23 Cal.App.2d 690, 695 [73 P.2d 1248] ; *Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484, 489 [110 P.2d 396] ; *Steffen* v. *Refrigeration Discount Corp.*, 91 Cal. App.2d 494, 500 [205 P.2d 727].) This rule only applies to prevent a plaintiff from relying on different facts in the common count. A plaintiff may rely on a different theory of recovery in the common count as long as that theory is fully supported in the specific facts pleaded in the other counts. (2 Witkin, Cal.Procedure, Pleading, § 275, p. 1250; *Leoni* v. *Delany*, 83 Cal.App.2d 303, 306 [188 P.2d 765, 189 P.2d 517].) Under the common count appellants were relying on the facts pleaded in counts one and two. They were only attempting to change their theory of recovery in the common count from fraud to innocent misrepresentation. This they are entitled to do.

The judgment is reversed.

Pierce, P. J., and Friedman, J., comcurred.

A petition for a rehearing was denied February 27, 1964.