108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CINEF/X, INC., Plaintiff-counter-defendant--Appellant,
v.
DIGITAL EQUIPMENT CORPORATION, Defendant-counter-claimant--Appellee.
CINEF/X,INC., Plaintiff-counter-defendant--Appellant,
and
Frank T. Gangi, Plaintiff-Appellant,
v.
DIGITAL EQUIPMENT CORPORATION, Defendant-counter-claimant--Appellee.
 Nos. 95-56204, 96-56514.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1996.*
Decided Dec. 16, 1996.
 
 Before: PREGERSON, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 CINEF/X appeals the district court's grant of summary judgment to Digital Equipment Corporation on CINEF/X's contract claims and Digital's fraud counterclaim. In addition, CINEF/X and Frank Gangi, who organized the company and was the only individual authorized to engage in transactions on its behalf, appeal the district court's decision to impose sanctions on both CINEF/X and Gangi. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I. Summary Judgment
 
 3
 We review de novo a grant of summary judgment. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Id.
 
 
 4
 The district court determined, and CINEF/X does not dispute, that the uncontroverted evidence warranted a finding as a matter of law that CINEF/X falsely represented itself as a software development company. The court concluded that because of CINEF/X's misrepresentations, three electronic orders placed by CINEF/X for the purchase of computer modules from Digital were unenforceable. On appeal, CINEF/X does not contest the district court's summary judgment ruling with respect to the first two purchase orders, in which CINEF/X specifically sought the benefit of Digital's discount for software development companies. CINEF/X argues only that the ruling was improper as it applied to the third purchase order, which was not made under the software development discount program. We disagree.
 
 
 5
 We think the district court was correct to conclude that in placing the third purchase order, CINEF/X's misrepresentations were material, thereby entitling Digital to rescind the order. See Wood v. Kalbaugh, 39 Cal.App.3d 926, 930 (Ct.App.1974) (stating that misrepresentation of material fact, regardless of intent, justifies unilateral rescission of a contract); see also Crocker-Anglo Nat'l Bank v. Kuchman, 224 Cal.App.2d 490, 496-97 (Cal.Ct.App.1964); 1 B.E. Witkin, Summary of California Law § 413 (9th ed. 1987). A material misrepresentation is one which "would be likely to affect the conduct of a reasonable man with reference to the transaction in question." Wood, 39 Cal.App.3d at 930.
 
 
 6
 By falsely holding itself out to be a software development company, CINEF/X clearly made misrepresentations. The district court drew this conclusion, as a matter of law, in part because no one affiliated with CINEF/X has any personal knowledge of CINEF/X's supposed plan to develop software. John Mehoff and John Carlos, the two alleged CINEF/X employees involved in software development, could not be located, and no credible evidence indicates that either of these two individuals exists.
 
 
 7
 CINEF/X does not contest the district court's conclusion that misrepresentations occurred but rather disputes their scope, arguing that it falsely represented only its plans to develop software. We agree with the district court, however, that the misrepresentations "go to the very existence of CINEF/X." The record contains a long list of uncontroverted instances of such representations. For example, it is undisputed that CINEF/X falsely identified its business address as a location in Marina Del Rey. This purported place of business was in fact an apartment, occupied by someone with no knowledge of CINEF/X's business affairs. The resident of the apartment testified that his only connection with CINEF/X was that he had entered into an agreement with Gangi to forward CINEF/X packages to him. In addition, CINEF/X falsely claimed to have a business phone number with a 213 area code at the time that it made the purchase orders.
 
 
 8
 These misrepresentations were material: They were likely to affect a reasonable company in Digital's position concluding the transaction at issue. See Wood, 39 Cal.App.3d at 930.[1] In order to place any type of electronic order with Digital, a company must provide its name, address, and type of business, regardless of whether it is seeking a special discount. Moreover, Digital sells computer equipment on credit. Under these circumstances, we cannot accept CINEF/X's argument that Digital would have accepted a purchase order even if it had known that CINEF/X had falsely described its place of business and type of business activity when it made the order.
 
 
 9
 We agree with the district court that the third purchase order is therefore unenforceable. Accordingly, we need not reach Digital's argument that the third purchase order should be rescinded due to a pricing mistake.
 
 II. Sanctions
 
 10
 A district court order of sanctions made under its inherent power is reviewed for abuse of discretion. Chambers v. Nasco, Inc., 501 U.S. 32, 55 (1991).
 
 
 11
 Because summary judgment was proper with respect to the third purchase order, the district court did not abuse its discretion in awarding sanctions in the form of attorneys' fees incurred in the defense of this third purchase order.
 
 
 12
 We also agree that the district court did not abuse its discretion by including within the sanctions award $54,257 in attorneys' fees incurred in the preparation of the sanctions motion. CINEF/X's behavior in the proceedings before the district court was truly reprehensible, and the trial court had the authority to include the costs of seeking sanctions in the sanctions award. Chambers v. NASCO, Inc., 501 U.S. 32, 40 (1991) (upholding award imposed under court's inherent powers of close to $1 million in sanctions, which "represented the entire amount of ... [plaintiff's] litigation costs paid to its attorneys").[2]
 
 III. Conclusion
 
 13
 For the above reasons, the district court order granting summary judgment to Digital is AFFIRMED. The order imposing sanctions is also AFFIRMED. CINEF/X is to bear all costs.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court framed the inquiry both in terms of materiality, and, citing to Wilhelm v. Pray, Price, Williams & Russell, 186 Cal.App.3d 1324, 1332 (Ct.App.1986), "justifiable reliance." Wilhelm, however, presented the test for intentional misrepresentation. Because the district court did not include an intent requirement in its articulation of the applicable standard, the court appeared to be scrutinizing the third transaction for negligent misrepresentation. Negligent misrepresentation, like intentional misrepresentation, justifies rescission of a contract. Wood, 38 Cal.App.3d at 930. Even if negligent misrepresentation requires a showing of "justifiable reliance," Digital clearly has met this burden
 
 
 [2]
 This sum included $53,459.68 in attorneys' fees and expenses "paid by ... [the plaintiff] for services rendered in connection with the sanctions portion of this suit." NASCO, Inc. v. Calcasieu Television & Radio, Inc., 124 F.R.D. 120, 143 (W.D.La.1989), aff'd, 894 F.2d 696 (5th Cir.1990), aff'd, 501 U.S. 32 (1991)