[Civ. No. 9325.   Third Dist.   Sept. 10, 1958.]

MARGARET TORBENSEN, Appellant, v. FAMILY LIFE INSURANCE COMPANY (a Corporation) et al., Respondents.

402

Bradford, Cross, Dahl & Hefner for Appellant.

Devlin, Diepenbrock & Wulff for Respondents.

SCHOTTKY, J.—This action was brought to recover on a contract of insurance on the life of William P. Torbensen. The insurer, Family Life Insurance Company, refused to pay the amount of the policy upon the ground that the deceased made incomplete and untrue statements in the application for the policy. The trial court denied recovery except for the premiums paid, and this appeal followed.

The facts, viewed in the light most favorable to the respondent insurer, disclose that on April 26, 1955, the insurer issued its policy of life insurance on the life of the decedent, William P. Torbensen. On August 20, 1955, the insured died of cancer. All premiums accrued to the date of death were paid. Margaret Torbensen, appellant herein, gave the insurer the required proof of death and demanded payment. The insurer refused payment on the ground that false statements were made to the examining physician in the application for insurance. At the time the deceased submitted to the physicial examination required by the insurer he was asked, among other questions, whether he was in good health and free from bodily impairment, to which he answered yes; whether he had consulted a physician in the past five years, to which the answer was that he had consulted a Dr. Wiseman for low blood pressure; whether or not he had ever had heart disease, to which the answer was no; and whether or not he had ever had an electrocardiogram taken, to which the decedent answered no. At the bottom of the questionnaire above the deceased's signature appeared the following:

To Whom it May concern:

''I hereby authorize and request you to disclose any and all information and records concerning my condition when under observation by you, if requested to do so by Family Life Insurance Company. . . .''

At the time the application was prepared the deceased was under the care of Dr. John Craig for an ailment which Dr. Craig had diagnosed as a heart condition. Dr. Craig testified that he had informed the deceased of his condition and had the deceased submit to an electrocardiogram and had prescribed during his course of treatment drugs which are used to relieve pain in heart disease.

Dr. Wiseman was contacted by the insurer and upon receipt of his reply the policy was issued as of the date of the application. The insurer did not know of any other doctors who had treated the insured but evidence disclosed that if the names of any other doctors had been known the insurer would have contacted them and made a more complete investigation; that the insurer would not have issued a policy if it had known of Dr. Craig's diagnosis, irrespective of its correctness.

The trial court found that the false and incomplete answers of the decedent were made with intent to deceive the insurer; that the insurer relied on the representations made; that if

the true facts had been known they would have probably and reasonably influenced the insurer in its determination of whether or not it should issue the policy; and that if the true facts had been known the insurer would not have issued the policy. Judgment was entered in favor of the insurer.

Appellant's first contention is that the testimony of Dr. Craig and another physician who treated the deceased should have been excluded. Section 1881, subd. 4 of the Code of Civil Procedure provides in part that a licensed physician cannot, without the consent of the patient, be examined in a civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe for the patient. It is clear that without a waiver the doctors were incompetent to testify in this case as to those matters covered by the statutory privilege. But that part of the application which pertained to the applicant's health and which was completed at the time of the medical examination by the insurer's physician and signed by the deceased included the alleged waiver clause hereinbefore set forth. The trial court held this to be a waiver of the privilege. ▮ The privilege may be waived but it must clearly appear there is an intention to waive, and a court will not run to such a conclusion. (*Kramer* v. *Policy Holders Life Ins. Assn.*, 5 Cal.App.2d 380, 391 [42 P.2d 665]; *Newell* v. *Newell*, 146 Cal.App.2d 166, 178 [303 P.2d 839].) ▮ It seems clear that the paragraph previously quoted was correctly construed by the trial court as a waiver of the privilege. In context, since it was part of the application pertaining to the applicant's state of health, the paragraph can only be interpreted to mean that the applicant was waiving his privilege of having his physician remain mute as to matters learned during the course of treatment of the applicant. Accordingly, Dr. Craig and the other physicians who had treated the applicant were competent to testify. (See *George* v. *Guarantee Mutual Life Ins. Co.*, 144 Neb. 285 [13 N.W.2d 176].)

▮ Appellant next contends that even if the provision can be construed as a waiver the insurer waived the right to the information by its failure to make inquiries as to such facts where they were distinctly implied in other facts of which information was communicated. In this regard it is claimed that because Dr. Prisinzano, the examining physician for the insurer, found no heart condition when he examined the deceased the insurer could not be allowed to disavow the findings of their own doctor. The fact that the deceased was examined

by the insurer's doctor would not compel a finding of waiver. We have here an applicant for insurance who gives false answers to questions which are asked for the purpose of giving the insurer information from which it can determine whether or not it shall accept the risk. Appellant in effect argues that if an insurance company has an applicant examined, any false answers made by the applicant become immaterial. However, by failing to reveal the fact of his examination and treatment by doctors not named in the application the applicant deprived the insurer of facts that might well have affected the extent of its investigation and its examination of the applicant.

■ An insurance company is entitled to rely on the truthfulness of the answers given in the application. (*Robinson* v. *Occidental Life Ins. Co.*, 131 Cal.App.2d 581 [281 P.2d 39]; *Cohen* v. *Penn Mutual Life Ins. Co.*, 48 Cal.2d 720 [312 P.2d 241].) Dr. Prisinzano testified that if the answers had been truthful a more complete examination would have been given, particularly with regard to the heart condition. The insurer introduced evidence that if it had known of the other doctors who had treated the applicant it would have contacted them.

Appellant's final contention is that in any event the false statements and concealment were immaterial. The deceased died of cancer of the lung. The attending physician at the time of death testified that he did not find anything that would indicate that the deceased had heart trouble. Appellant argues that since the deceased did not have heart disease the false answers did not go to the materiality of the risk.

■ It is not necessary that the misrepresentation have any causal connection with the death of the insured. (*Robinson* v. *Occidental Life Ins. Co.*, *supra.*) The question is whether the misrepresentation is such that if the insurer had known the true facts it would have made further inquiries or would have been influenced materially in its decision in accepting the risk. There was testimony that if the insurer had known a heart condition was suspected it would not have issued the policy. Under such circumstances we cannot say that the false answers were immaterial.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.