Opinion
 

 BROWN, J.
 
 *
 

 Plaintiff and appellant Merced County Mutual Fire Insurance Company (Merced Mutual) appeals from a judgment of dismissal entered after sustaining without leave to amend defendant and respondent State of California’s (State) demurrer to the first amended complaint.
 

 The State demurred to the original complaint on the grounds it failed to include an indispensable party and failed to state a cause of action for rescission. The court sustained the demurrer with leave to amend. Merced Mutual filed a first amended complaint which added the estate of James King as a defendant, but did not change any of the charging allegations in the complaint. The State demurred to the first amended complaint on essentially the same grounds. This demurrer was sustained without leave to amend.
 

 On appeal Merced Mutual contends: (1) the first amended complaint states facts disclosing some right to relief, and (2) if the complaint is inadequate,
 
 *489
 
 the demurrer should have been sustained with leave to amend as there is a reasonable possibility that Merced Mutual can cure its defects.
 

 Facts
 

 According to the allegations of the first amended complaint, Merced Mutual issued a policy of liability insurance to James and Ruby King (King) in 1982, policy No. H-101-39653. The policy provided general liability coverage for their fruit stand which was located on property leased from the State at Highway 99 and Merced Avenue. Also in 1982, G. H. Martin, as an agent of the State, represented to King that King was required to furnish insurance coverage naming the State as an additional insured for liability arising out of the possession of the property King leased from the State for his fruit stand. The form of certificate of insurance furnished by the State to King to be executed by King’s insurance agent on behalf of Merced Mutual stated among other things:
 

 “This endorsement is attached to the policy described herein to assure compliance by the named insured with the terms and provisions of the lease (or rental agreement) entered into between the Insured as Lessee and the State of California as Lessor.
 

 “The Company amends the policy described herein as follows:
 

 “2. The Lessor, State of California, its officers, agents and employees are hereby declared to be additional insureds in the policy described insofar as they may be held liable for injuries, deaths or damage to property occurring in or about the leased premises.
 

 “The requirement for our Lessee/Tenant to carry liability and damage insurance and to name the State as additional insured is a contractual obligation contained in the lease or rental agreement. The agreement also calls for the tenant to submit a certified copy of the policy or this ‘Certificate of Insurance and State owned Property Endorsement’. This form is the only Certificate of Insurance acceptable to the State of California.”
 

 In accordance with King’s request and in reliance on the representations of the State’s agent, Merced Mutual’s agent completed and signed the certificate of insurance provided to King by the State. It is alleged Merced Mutual
 
 *490
 
 would not have issued the certificate of insurance but for the representation of the State’s agent that the certificate was required as a condition of the lease. In fact, the terms of the lease did not require King to provide such insurance to the State. The statements of the State’s representative, Mr. Martin, were false and untrue; Merced Mutual relied upon the statements in issuing the certificate of insurance to the State.
 

 In 1984, while the policy was in effect, a motor vehicle accident occurred at or near the leased property which resulted in litigation. Both King and the State are named as defendants in the action denominated coordinated action No. 1954. Merced Mutual is defending both King and the State and has incurred attorney’s fees and expenses as a result.
 

 Upon discovering the falsity of the representations of the State’s agent, Merced Mutual demanded the State agree to rescind the certificate of insurance, undertake its own defense and reimburse plaintiff for the attorney’s fees, costs and expenses plaintiff had incurred or expended in providing a defense to the State. The State refused and insisted it was entitled to coverage as an additional insured under the policy issued to King.
 

 Merced Mutual filed this action to rescind the certificate of insurance attached to the complaint, to declare the State is not an additional insured under the policy issued to King and is not entitled to coverage for the claims arising out of the 1984 traffic accident, and to order the State to reimburse Merced Mutual for its attorney’s fees and expenses incurred in defending the State in coordinated action No. 1954.
 

 The State demurred to the first amended complaint on the ground it failed to allege any facts constituting legal grounds for rescission. In addition to arguing the endorsement did not affect the materiality of the risk, the State argued the certificate of insurance had no legal significance independent of the insurance contract issued to King. Thus, even if it were rescinded, Merced Mutual’s obligations under the insurance policy would still exist. Second, the contract Merced Mutual sought to rescind is between itself and King; the State is merely a third party beneficiary. Therefore, the alleged misrepresentations which the State made to King did not induce the issuance of the rider to the insurance policy. In other words, a misrepresentation to King about the necessity of insurance may support a cause of action by King against the State, but it is not relevant to a cause of action by Merced Mutual against the State. Finally, the State argues Merced Mutual did not satisfy the defect of failing to join a necessary party by merely adding the estate of James King as a defendant without necessary allegations against King or his estate.
 

 
 *491
 
 The lease which is attached to and incorporated by reference into the complaint contains a provision requiring King to indemnify the State for any third party claims arising out of the use of the leased property.
 

 Discussion
 

 In reviewing the sufficiency of a complaint against a general demurrer, we treat the demurrer as admitting all material facts properly pleaded, but not conclusions of fact or law.
 
 (Blank
 
 v.
 
 Kirwan
 
 (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) We liberally construe the allegations of the complaint with a view to attaining substantial justice among the parties. It is error to sustain a demurrer where a plaintiff has stated a cause of action under any possible legal theory.
 
 (Service Employees International Union
 
 v.
 
 Hollywood Park, Inc.
 
 (1983) 149 Cal.App.3d 745, 757 [197 Cal.Rptr. 316].) When a demurrer is sustained without leave to amend, we must decide whether there is a reasonable possibility that the defect can be cured by amendment. If it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. The burden of proving such reasonable possibility is squarely on the plaintiff.
 
 (Blank
 
 v.
 
 Kirwan, supra,
 
 39 Cal.3d at p. 318.)
 

 Here, because the trial court did not state the grounds for sustaining the demurrer we do not know if the ground was failure to state a cause of action or a pleading failure having to do with joinder of the King estate and lack of third party beneficiary allegations. Accordingly, we will first discuss whether Merced Mutual has or could state a cause of action against the State.
 

 Civil Code section 1689 provides that a party to a contract may rescind the contract if his consent was given by mistake or fraud exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party. (Civ. Code, § 1689, subd. (b)(1).) Insurance Code section 359 provides: “If a representation is false in a material point, whether affirmative or promissory, the injured party is entitled to rescind the contract from the time the representation becomes false.”
 

 Thus, when a party has been induced by fraud or mistake to enter into a contract, the party may have the contract set aside and seek restitution of those benefits lost to him by the transaction.
 
 (Wilke
 
 v.
 
 Coinway Inc.
 
 (1967) 257 Cal.App.2d 126, 136 [64 Cal.Rptr. 845].) When contracting parties have entered into a contract under a material mistake of law or fact, the parties are entitled to be relieved by reason of their mutual mistake.
 
 (Healy
 
 v.
 
 Brewster
 
 (1967) 251 Cal.App.2d 541, 551 [59 Cal.Rptr. 752].) This
 
 *492
 
 mistake may be reflected in an innocent misrepresentation by one party, believed by the other.
 
 (Crocker-Anglo Nat. Bank
 
 v.
 
 Kuchman
 
 (1964) 224 Cal.App.2d 490, 495-496 [36 Cal.Rptr. 806].) Thus, rescission is available for a unilateral mistake, when the unilateral mistake is known to the other contracting party and is encouraged or fostered by that party.
 
 (Wright
 
 v.
 
 Lowe
 
 (1956) 140 Cal.App.2d 891, 898 [296 P.2d 34].)
 

 In the instant case, the allegations of the complaint adequately establish a misrepresentation or mistake (that the lease between the State and ICing required King to obtain from Merced Mutual an endorsement adding the State as an additional insured), reliance on the misrepresentation or mistake in the issuance of the endorsement and that but for the misrepresentation or mistake, the certificate of insurance would not have been issued.
 

 However, the State argues the misrepresentation or mistake was not material. The materiality of a representation is a question of law.
 
 (McEwen
 
 v.
 
 New York Life Ins. Co.
 
 (1919) 42 Cal.App. 133, 145 [183 P. 373].) Materiality is to be determined solely by the probable and reasonable effect which truthful answers would have had upon the insurer (Ins. Code § 334)
 
 [1]
 
 ; i.e., was the insurer misled into accepting a risk, fixing the premium of insurance, estimating the disadvantages of the proposed contract or making his inquiries.
 
 (Holz Rubber Co., Inc.
 
 v.
 
 American Star Ins. Co.
 
 (1975) 14 Cal.3d 45, 61 [120 Cal.Rptr. 415, 533 P.2d 1055, 79 A.L.R.3d 518];
 
 Cal.-West. States etc. Co.
 
 v.
 
 Feinsten
 
 (1940) 15 Cal.2d 413, 423 [101 P.2d 696, 131 A.L.R. 608].) The fact that the insurer has demanded answers to specific questions in an application for insurance is in itself usually sufficient to establish materiality as a matter of law.
 
 (Imperial Casualty & Indemnity Co.
 
 v.
 
 Sogomonian
 
 (1988) 198 Cal.App.3d 169, 179 [243 Cal.Rptr. 639].)
 

 “ ‘The purpose of the materiality inquiry is ... to make certain that the risk insured was the risk covered by the policy agreed upon. If a fact is material to the risk, the insurer may avoid liability under a policy if that fact was misrepresented in an application for that policy whether or not the parties might have agreed to some other contractual arrangement had the critical facts been disclosed. . . .’ [Citation.]”
 
 (Old Line Life Ins. Co.
 
 v.
 
 Superior Court
 
 (1991) 229 Cal.App.3d 1600, 1605-1606 [281 Cal.Rptr. 15].)
 

 “ ‘ “An insurance company is entitled to determine for itself what risks it will accept, and therefore to know all the facts relative to the [risk insured].
 
 *493
 
 It has the unquestioned right to select those whom it will insure and to rely upon him who would be insured for such information as it desires as a basis for its determination to the end that a wise discrimination may be exercised in selecting its risks. [Citations.]” ’ ”
 
 (Imperial Casualty & Indemnity Co.
 
 v.
 
 Sogomonian, supra,
 
 198 Cal.App.3d 169, 180-181.)
 

 However, a simple incorrect answer on an insurance application will not give rise to a defense of fraud, where the true facts, if known, would not have made the contract less desirable to the insurer.
 
 (Thompson
 
 v.
 
 Occidental Life Ins. Co.
 
 (1973) 9 Cal.3d 904, 916 [109 Cal.Rptr. 473, 513 P.2d 353];
 
 Ransom
 
 v.
 
 Penn Mutual Life Ins. Co.
 
 (1954) 43 Cal.2d 420, 427 [274 P.2d 633]—where the insured died in an auto accident, it was immaterial that he erroneously answered he had never had an electrocardiogram. Insurer did not claim that “ ‘essentially normal’ ” EKG history, if known, would have influenced it to consider the risk less desirable.)
 

 The cases allowing rescission for a material misrepresentation involve a misrepresentation regarding the nature of the risk to be insured. For example, in
 
 Old Line Life Ins. Co.
 
 v.
 
 Superior Court, supra,
 
 the insured misrepresented her smoking history on a life insurance application. The court held that an insurance company can rescind an insurance policy upon such a misrepresentation. (229 Cal.App.3d at p. 1606.) Likewise, in
 
 Imperial Casualty & Indemnity Co.
 
 v.
 
 Sogomonian, supra,
 
 198 Cal.App.3d 169, the applicants made numerous misrepresentations regarding their loss history, litigation and cancellation experience in an application for homeowner’s insurance. The court found the misrepresentations material as a matter of law.
 
 (Id.
 
 at p. 182; accord,
 
 Cohen
 
 v.
 
 Penn Mut. Life Ins. Co.
 
 (1957) 48 Cal.2d 720, 725 [312 P.2d 241]—failure to reveal cardiac condition;
 
 Standard Accident Ins. Co.
 
 v.
 
 Pratt
 
 (1955) 130 Cal.App.2d 151, 155 [278 P.2d 489]— insured misrepresented he had a valid driver’s license in application for auto insurance;
 
 De Campos
 
 v.
 
 State Comp. Ins. Fund
 
 (1954) 122 Cal.App.2d 519, 523-524, 528 [265 P.2d 617]—failure to name one partner to be covered by workers’ compensation policy because he did not have good credit was a material misrepresentation.)
 

 The State argues:
 

 “In the instant appeal, the alleged misrepresentation was that the lease between King and Caltrans required insurance. From the insurer’s perspective, it does not matter whether or not the lease required insurance. King may have wanted the policy because of the indemnity clause in the lease. Whether King sought insurance because of a legal requirement or simply because of a perceived need is of no moment to the insurer, so long as there
 
 *494
 
 was no misrepresentation as to the risk. Mutual does not allege that there was any misrepresentation as to the risk. No reasonable person could conclude that an insurance company would be influenced in either its decision to issue a policy or in its setting of the premium level by whether or not the insured purchased the insurance because he was legally required to or merely because it was prudent to do so.
 

 “From the insurer’s viewpoint, the inducement for issuing the certificate is the request of its insured, not the request of a potential third party beneficiary who has no contractual relationship with the insurer. The motivation for the insured’s request is irrelevant. To show a legally sufficient ground for rescission based on fraud, Mutual must show that the
 
 [sic]
 
 King misrepresented facts that induced it to issue the certificate.”
 

 We interpret this argument to be that whether the State had to be named as an additional insured pursuant to King’s property lease is simply not material to the risk insured. When Merced Mutual agreed to add the State as an additional insured under King’s general liability policy for injuries, deaths or property damage occurring in or about the leased premises, it was aware it was insuring the State for the risks described in the policy. Whether or not the State was added to the policy because of a requirement of the King lease was not material to the risk insured. In other words, whether or not there was a lease requirement to add the State as an insured could not have had any reasonable effect on Merced Mutual’s decision to name the State as an additional insured.
 
 (Holz Rubber Co., Inc.
 
 v.
 
 American Star Ins. Co., supra,
 
 14 Cal.3d at p. 61;
 
 Cal.-West. States etc. Co.
 
 v.
 
 Feinsten, supra,
 
 15 Cal.2d at p 423.)
 

 However, it cannot be gainsaid that the risk assumed by Merced Mutual in issuing the certificate naming the State as an additional insured increased and changed the nature of risk assumed in the policy. To defend King in the operation of his fruit stand is one thing. By adding the State, Merced Mutual assumed the obligation to defend the State against a claim of improper design of the roadways,
 
 [2]
 
 a theory which vastly expands the cost of defense and the potential for establishing liability. The risk was indubitably changed and expanded by the issuance of the certificate to the State. The core question is whether these facts affected the materiality of the risk within the meaning of the above authorities.
 

 Merced Mutual relies upon its allegation in the complaint that it would not have issued the endorsement but for the representation the lease agreement
 
 *495
 
 required the endorsement. Simply stated, it appears the State is saying that Merced Mutual would have issued the certificate whether or not the lease required King to obtain it. This position, of course, is contrary to the express allegation of the complaint. The argument would have merit if Merced Mutual would have in fact issued the endorsement whether or not the lease agreement required it to do so. Obviously, the resolution of the truth of the allegation in the complaint must await a factual hearing. For now we are required to rely on the allegations of the complaint.
 

 Accordingly, we conclude Merced Mutual has or can state a cause of action for rescission.
 

 It was error to have sustained the demurrer without leave to amend on the ground a third party contract was not properly alleged, or the charging allegations against the estate of King were not included or on the ground the allegations of fraud or mistake were not sufficiently specific.
 

 It is reversible error to sustain a demurrer without leave to amend when a reasonable possibility exists that the defect in the complaint can be cured by amendment.
 
 (Minsky
 
 v.
 
 City of Los Angeles
 
 (1974) 11 Cal.3d 113, 118-119 [113 Cal.Rptr. 102, 520 P.2d 726].)
 

 Here, Merced Mutual should have been given the opportunity to amend the complaint to correct any defects present.
 

 For the guidance of the trial court we make some additional observations. An additional insured added by endorsement is a third party beneficiary of the insurance contract between Merced Mutual (promisor) and King (promisee). As such, the third party beneficiaries’ rights are derivative.
 
 (Home Indemnity Co.
 
 v.
 
 Mission Ins. Co.
 
 (1967) 251 Cal.App.2d 942 [60 Cal.Rptr. 544].)
 

 The allegations of the complaint establish for the purposes of the demurrer that the endorsement covering the State was issued because the insured requested it, the request being based on the misrepresentation of the third party beneficiary, the State. By implication this misrepresentation was repeated by King to Merced Mutual. Any ambiguity in this regard could have been easily clarified by appropriate amendment to the complaint.
 

 We are also of the opinion the issues relating to the validity of the endorsement are severable from the main policy and Merced Mutual may seek its rescission without seeking rescission of the main policy. Civil Code section 1599 states:
 

 
 *496
 
 “Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest.”
 

 Elaborating the court in
 
 Keene
 
 v.
 
 Harling
 
 (1964) 61 Cal.2d 318, 320 [38 Cal.Rptr. 513, 392 P.2d 273] stated:
 

 “ \ . . Whether a contract is entire or separable depends upon its language and subject matter, and this question is one of construction to be determined by the court according to the intention of the parties. If the contract is divisible, the first part may stand, although the latter is illegal. [Citation, fn. omitted.]’ [Citations.]”
 

 “. . . ‘where a good cause for rescission exists as to one part of a divisible or separable contract, such portion may be rescinded in equity without disturbing the remainder.’ ”
 
 (Simmons
 
 v.
 
 Cal. Institute of Technology
 
 (1949) 34 Cal.2d 264, 275 [209 P.2d 581].)
 

 In this instance, the endorsement was not only executed at a different time than the underlying contract, but it added an additional party to the insurance contract as an insured thus creating separate and separable rights and obligations from those existing under the underlying contract between Merced Mutual and King.
 

 However, the promisee (King or King estate) is an indispensable party to such an action because his ability to protect his interest in the subject of the action would be impaired or impeded if he is not joined. (Code Civ. Proc., § 389.)
 
 [3]
 
 The possible invalidation of the endorsement covering the State exposes King or the King estate to action by the State pursuant to the indemnity clause in the lease. For example, if Merced Mutual should be successful in this litigation requiring the State to pay its own attorney fees and costs, the King estate certainly would be exposed to indemnity proceedings by the State pursuant to the indemnity clause in the lease.
 

 
 *497
 
 The judgment is reversed with directions to sustain the demurrer with leave to amend.
 

 Best, P. 1, and Buckley, J„ concurred.
 

 *
 

 Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the judicial Council.
 

 [1]
 

 Insurance Code section 334 states: “Materiality is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries.”
 

 [2]
 

 The pleadings in the
 
 personal injury actions
 
 are not part of the record. However, at oral argument in the trial court counsel referred to defending the State in causes of action based on design defects.
 

 [3]
 

 Code of Civil Procedure section 389, subdivision (a) states: “(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.”