Vincent MCCALLA, Plaintiff -counter-defendant-Appellant-Cross-Appellee,

v.

ROYAL MACCABEES LIFE INSURANCE COMPANY; Does I–XX, inclusive, Defendant–counter–claimant–Appellee–Cross–Appellant.

Nos. 99–15992, 99–15994.

D.C. No. CV–97–00027–HDM/PHA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2001.

Decided July 12, 2001.

Before SCHROEDER, Chief Judge,
LAY * and THOMPSON, Circuit Judges.

* The Honorable Donald P. Lay, Senior United
States Circuit Judge for the Eighth Circuit,
sitting by designation.

MEMORANDUM **

I.

This case stems from Royal Maccabees Life Insurance Company's ("Maccabees") rescission of a disability insurance policy that was issued to Vincent McCalla ("McCalla") in 1992. As part of the application process, McCalla was interviewed by a nurse, Margaret Nelson, who asked McCalla various questions related to his medical history. McCalla omitted from his answers that he had visited a chiropractor over 200 times and consulted with other doctors about his back and related conditions. McCalla also failed to disclose various testing and other procedures he had undergone in the five-year period preceding his application. McCalla claims that he did not report his chiropractic history because the interviewing nurse told him she was only interested in "real doctors," which McCalla understood to mean his chiropractic history was not applicable. As for the other omitted information, McCalla acknowledged that he "obviously should have" included it.

McCalla contracted Lyme Disease in 1996, which rendered him totally disabled. McCalla thereafter submitted a claim to Maccabees for payment under the policy However, Maccabees subsequently learned that McCalla omitted from his application his history of treatment for chiropractic and related problems. Based on this information, Maccabees rescinded McCalla's policy and returned to him a check for his full paid premium of $19,306.86.

McCalla sued Maccabees for breach of contract, breach of covenant of good faith and fair dealing, intentional infliction of emotional distress, and defamation Maccabees filed a Counterclaim for declaratory relief, seeking rescission based on McCalla's allegedly fraudulent application for the policy. The district court granted Maccabees' Motion for Partial Summary Judgment, dismissing McCalla's claims for breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and defamation, leaving McCalla's breach of contract claim. The court denied Maccabees' motion as to the allegations of fraudulent misrepresentations by McCalla. The case went to trial, where the jury found that Maccabees breached its contract with McCalla and that McCalla did not perpetrate fraud in his application. The jury awarded damages equal to the benefits McCalla would have received under the terms of his agreement.

McCalla appeals the grant of summary judgment in favor of Maccabees on the bad faith claim,[1] and Maccabees cross-appeals the denial of summary judgment on McCalla's breach of contract claim and the district court's failure to find fraud as a matter of law. Maccabees also cross-appeals the district court's denial of various evidentiary and post-trial motions.

II.

A. Good Faith and Fair Dealing

■ The district court granted Maccabees' Motion for Summary Judgment against McCalla on his claim that Maccabees breached its duty of good faith and fair dealing when it rescinded his disability policy. This court reviews *de novo* a district court's grant or denial of summary judgment. *See PCCE, Inc. v. United States*, 159 F.3d 425, 427 (9th Cir.1998).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. McCalla does not appeal the district court's dismissal of his related claims for intentional infliction of emotional distress and defamation.

Under California law, to state a claim for breach of the duty of good faith and fair dealing, "[t]he insured must show that (1) the insurer withheld benefits due under the policy and (2) the reason for withholding the benefits was unreasonable or without proper cause." *Casey v. Old Line Life Ins. Co. of Am.,* 996 F.Supp. 939, 950 (N.D.Cal.1998) (citations omitted). Among the most critical factors to consider in analyzing a bad faith claim is the adequacy of the insurer's investigation of the claim. *See Shade Foods, Inc. v. Innovative Prods. Sales & Marketing, Inc.,* 78 Cal.App.4th 847, 879–80, 93 Cal.Rptr.2d 364, 386 (Cal.App. 1 Dist.2000). An insurer has a duty to investigate all properly submitted claims before withholding benefits. *See id.* "An insurer is liable for bad faith if it disregards evidence supporting coverage." *Allstate Ins. Co. v. Madan,* 889 F.Supp. 374, 381 (C.D.Cal.1995).

Although Maccabees did not investigate McCalla's claim in the manner he advocates, it did obtain and evaluate chiropractic records indicating that McCalla had a long history of back problems, which was not disclosed on his application. Moreover, the letter in which Maccabees rescinded the policy stated that if McCalla could provide Maccabees information that would furnish a basis for its further review or reconsideration of his claim, he should do so within thirty days. However, McCalla's subsequent letters requesting reconsideration of the rescission did not submit to Maccabees information concerning the nurse's medical interview with him or otherwise explain the shortcomings in his application. Considering the information Maccabees had at the time it decided to rescind the policy, Maccabees' reason for withholding benefits falls short of being unreasonable or without cause. *See Ward v. Allstate Ins. Co.,* 964 F.Supp. 307, 312 (C.D.Cal.1997) ("When an insurer denies coverage due to a good faith coverage dispute, no action for bad faith will lie even if

the insurer ultimately turns out to be wrong."). The district court's dismissal of McCalla's bad faith claim is affirmed.

## B. Breach of Contract

Maccabees argues that it was entitled to summary judgment on McCalla's breach of contract claim because McCalla made fraudulent misstatements in his insurance application. The policy purchased by McCalla stated that two years after it became effective, "no misstatements, except fraudulent misstatements, in the application may be used by Us to void the Policy or deny any claim for loss incurred or Disability that begins after the end of the two year period." The district court found that McCalla's alleged omissions and misstatements were material as a matter of law. The jury, however, found no fraud based on the omitted information.

### 1. Materiality

The materiality of a representation in an insurance application is a question of law. *See Merced County Mut. Fire Ins. Co. v. State,* 233 Cal.App.3d 765, 772, 284 Cal.Rptr. 680, 684 (Cal.App. 5 Dist. 1991). This court reviews the district court's finding of materiality *de novo. See United States v. Garza,* 980 F.2d 546, 551 (9th Cir.1992).

"Materiality is to be determined ... solely by the probable and reasonable influence of the facts upon" the insurer in its estimation "of the disadvantages of the proposed contract, or in making [its] inquiries." Cal Ins.Code § 334. Although materiality may be found where an insurer asks for answers to specific questions in the insurance application, *see Thompson v. Occidental Life Ins. Co.,* 9 Cal.3d 904, 109 Cal.Rptr. 473, 513 P.2d 353, 360 (Cal.1973), matters of a minor or trivial nature fall short of being material. *See Ocean Acc. & Guar. Corp. v. Rubin,* 73 F.2d 157, 163

(9th Cir.1934); *Scroggs v. Northwestern Mut. Life Ins. Corp.,* 176 Cal.App.2d 300, 302, 1 Cal.Rptr. 189, 190 (Cal.App.4th Dist. 1959). Thus, the inquiry for the court is whether the information misled the insurer into accepting a risk, fixing the premium of insurance, estimating the disadvantages of the proposed contract, or making its inquiries. *See Merced County,* 233 Cal.App.3d at 772, 284 Cal.Rptr. at 684. In the end, we must determine whether "the risk insured was the risk covered by the policy" that was purchased. *Id.*[2]

Despite testimony by a Maccabees executive that the company still would have issued a policy to McCalla had it known his full medical history, the information would have "affected insurability" in that the policy would have excluded coverage for McCalla's back and knees.[3] *See Security Life Ins. Co. of Am. v. Meyling,* 146 F.3d 1184, 1192 (9th Cir.1998) (concluding "that to establish materiality in the insurance context, the misstatements must have either affected insurability or the amount of premium paid by the insured."). In other words, the information would have factored into Maccabees' risk assessment. McCalla's blame-shifting to the nurse does not alter the material character of this evidence.

McCalla's application was for disability insurance. His chiropractic and other medical history—whether withheld fraudulently, or not—directly relates to his health, which in turn, is material to assessing the risk in issuing such a policy to him.

Setting aside the question of why McCalla's full medical history was not included on his application, the omitted information was substantial enough such that it cannot be characterized as the sort of "trivial indisposition" that California courts have dismissed as immaterial to coverage. *See Scroggs,* 176 Cal.App.2d at 302, 1 Cal.Rptr. at 190.

### 2. Fraud

■■■ The district court found a genuine issue of material fact on the question of whether McCalla perpetrated fraud in his application for the policy. To state a claim for fraud, a party must make a five part showing: (1) a misrepresentation of material fact, or failure to disclose when under the duty to do so; (2) knowledge of falsity; (3) intent to induce reliance; (4) actual and justifiable reliance; and (5) actual damages. *See du Mortier v. Massachusetts Gen. Life Ins. Co.,* 805 F.Supp. 816, 823–24 (C.D.Cal.1992). California law recognizes that direct proof of fraudulent intent is often impossible to obtain, and therefore, "may be established by inference from the circumstances and the acts of the parties." *Continental Airlines, Inc. v. McDonnell Douglas Corp.,* 216 Cal.App.3d 388, 428, 264 Cal.Rptr. 779, 801 (Cal.App.2d Dist. 1989).

When viewed in the light most favorable to McCalla, the non-moving party, we find that the evidence presents a material issue of fact about whether McCalla's application

---

**2.** Some jurisdictions find materiality only where there is a causal connection between the injury and misrepresentation, but California law does not require such a link *See Torbensen v. Family Life Ins. Co.,* 163 Cal. App.2d 401, 329 P.2d 596, 598 (Cal.App.3d Dist 1958) ("It is not necessary that the misrepresentation have any causal connection with the death of the insured")

**3.** In deposition testimony, Michael Delizia, Vice President for Maccabees Underwriting, stated:

[T]he fact is that had [McCalla] admitted the history of his long history of back pain, I'm reasonably sure ... but I don't think there would have been any reason not to issue a policy with probably knee exclusions and a back exclusion at least, and there might have been a couple of other things, too, but I think that was it

constituted fraud. At the very least, there is a fact dispute about whether McCalla knew he submitted false information in his application. On one hand, the nurse's limitation to "real doctors" in response to McCalla's statement that he had seen a chiropractor weighs against such knowledge. On the other hand, even if she did exclude chiropractors from his answers, McCalla's concession that he "obviously should have" disclosed other information (e.g., MRI, myelogram, consultations with a neurosurgeon, podiatrist, and orthopedic surgeon) suggests that he did know his answers were incomplete. Nonetheless, the balance of these facts shifts to McCalla's favor on summary judgment and thus, we find that the district court was correct to submit the issue to the jury.

## C. Evidentiary Rulings

 Maccabees also appeals two of the district court's evidentiary rulings. First, the district court denied Maccabees' motion to exclude evidence relating to the specific process through which it rescinded McCalla's policy and general evidence regarding its claim processing, internal policies, and underwriting practices. Second, the court limited evidence of McCalla's medical history to five years prior to the application date.

 The district court's evidentiary rulings are reviewed for an abuse of discretion. *Monotype Corp. v. International Typeface Corp.*., 43 F.3d 443, 448 (9th Cir.1994). For this court to reverse, the district court's decision to allow or disallow the evidence must amount to substantial prejudice against the complaining party. *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir.1995).

 We find that the district court did not abuse its discretion in its disposition of these motions. Evidence of Maccabees' claim handling is germane to McCalla's breach of contract claim. We fail to see

how this prejudiced Maccabees. Similarly, the district court's limitation of McCalla's medical evidence to the five years preceding his application was reasonable because the questions at issue in this case directly relate to that time period. The district court's rulings on these evidentiary motions are therefore affirmed.

## D. Judgment as a Matter of Law and Judgment Notwithstanding the Verdict

 The district court denied Maccabees' motions for judgment as a matter of law and judgment notwithstanding the verdict. This court applies a *de novo* standard of review to the district court's disposition of those motions. *See Acosta v. City and County of San Francisco*, 83 F.3d 1143, 1145 (9th Cir.1996). "Judgment as a matter of law is proper if the evidence, construed in the light most favorable to the non-moving party, allows only one reasonable conclusion and that conclusion is contrary to that reached by the jury." *Id.* The same standard applies in evaluating the disposition of a motion for judgment notwithstanding the verdict. *See Syufy Enters. v. American Multicinema, Inc.*, 793 F.2d 990, 992 (9th Cir.1986).

Although Maccabees' evidence was strong, McCalla also provided tenable support for his position. The jury chose to believe McCalla. On this record, we cannot say that the jury's verdict was not supported by any probative evidence and that the court erred in entering a verdict in McCalla's favor. We therefore affirm the district court's denial of these motions.

AFFIRMED.