**EXPRESS TEXTILE CONSULTANTS, INC., a California corporation, Plaintiff–counter–defendant–Appellant,**

v.

**GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Defendant–counter–claimant–Appellee.**

No. 00–55726.

D.C. NO. CV–98–05056–CBM.

United States Court of Appeals, Ninth Circuit.

---

**748**

Submitted Oct. 19, 2001*.

Decided Nov. 5, 2001.

Before B. FLETCHER, D.W. NELSON, and McKEOWN, Circuit Judges.

MEMORANDUM**

Express Textile Consultants (Express Textile) appeals a jury verdict in favor of Appellee General Accident Ins. Co. (General Accident) voiding Express Textile's coverage and entitling General Accident to recover approximately $1.2 million paid on a claim for a fire at Express Textile's warehouse. The coverage was voided because the jury found that Express Textile knowingly made material misrepresentations in submitting the claim. Appellant contends that the district court erred by failing to instruct the jury that Express Textile's alleged misrepresentations would be considered material only if Express Textile believed the misrepresentations were material. We have jurisdiction pursuant to 28 U.S.C. § 1291. We address Express Textile's arguments by reviewing the jury instructions to determine if they accurately state the law. *Oviatt v. Pearce,* 954 F.2d 1470, 1481 (9th Cir.1992). We conclude that the jury instruction on materiality correctly stated the law, and affirm.

The court instructed the jury that "[i]f the alleged misrepresentation concerns a subject which is reasonably relevant to General Accident's investigation, or if a reasonable insurer would attach importance to the fact misrepresented, then it is material."

Under California law, materiality is determined from the perspective of the insurer. *See* Cal. Ins.Code § 334 ("Materiality is to be determined not by the event, but solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries."); *Holz Rubber Co., Inc. v. American Star Ins. Co.,* 14 Cal.3d 45, 120 Cal.Rptr. 415, 533 P.2d 1055, 1065 (1975) (holding materiality determined by probable and reasonable effect that truthful disclosure would have on insurer); *Merced County Mutual Fire Ins. Co. v. State,* 233 Cal.App.3d 765, 284 Cal.Rptr. 680, 684 (.1991) ("Materiality is to be determined solely by the probable and reasonable effect which truthful answers would have

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

had upon the insurer; i.e., was the insurer misled into accepting a risk, fixing the premium of insurance, estimating the disadvantages of the proposed contract or making his inquiries.") (footnote and citation omitted).

Appellant argues that the following quote from *Cummings v. Farmers Ins. Exchange,* 202 Cal.App.3d 1407, 249 Cal. Rptr. 568 (1988), supports his contention that Express Textile's misrepresentations should be considered material only if Express Textile believed the misrepresentations were material: "[I]f the misrepresentation concerns a subject reasonably relevant to the insured's investigation, and if a reasonable insurer would attach importance to the fact misrepresented, then it is material." *Cummings,* 249 Cal.Rptr. at 573. Appellee responds that *Cummings* does not require consideration of the insured's belief. Appellee argues that the use of the word "insured" in this sentence is a typographical error and that "insurer" was intended in both the first and second clauses.

We agree that *Cummings* does not support Appellant's argument. The court in *Cummings* summarized the holding in *Fine v. Bellefonte Underwriters Ins. Co.,* 725 F.2d 179 (2d Cir.1984). *Fine* indeed holds that the materiality element may be satisfied without considering the belief of the insured: "Thus the materiality requirement is satisfied if the false statement concerns a subject relevant and germane to the insurer's investigation as it was then proceeding." *Fine,* 725 F.2d at 183. The other cases cited by Appellant are also unavailing.

We also note that in any case, "[t]he purpose of Rule 51 in general is to give the trial judge an opportunity to reconsider any ruling that he may have made, and if he is convinced that he is in error to reinstruct the jury *prior to its delibera-*

*tion." Maheu v. Hughes Tool Co.,* 569 F.2d 459, 470 (9th Cir.1977) (citation omitted) (emphasis added).

Because we are satisfied that the district court correctly instructed the jury, we AFFIRM.